**In re Lewis J. BUSCONI, Debtor.**

**Bankruptcy No. 91–40290 JFQ.**

United States Bankruptcy Court,
D. Massachusetts.

Oct. 10, 1991.

Adam Ruttenberg, Bingham, Dana & Gould, Boston, Mass., for Fleet Bank of Maine.

Bruce Smith, Jaeger, Smith, Stetler & Arata, Boston, Mass., for debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JAMES F. QUEENAN, Jr., Chief Judge.

Fleet Bank of Maine (the "Bank"), as successor in interest to Maine Savings Bank, has filed separate motions seeking relief from the automatic stay with respect to the following two properties: Airport Tower Hotel, 2033 Powers Avenue, Philadelphia, PA and The Inn For All Seasons, 480 Main Street, Laconia, New Hampshire. The court makes the findings and conclusions set forth below.

The value of the Bank's mortgage interests with respect to each of these properties is less than the balance due the Bank on the underlying obligations. The value of the mortgage interest, furthermore, is declining by reason of the continuing accrual of real estate taxes due on each of the properties. The Debtor has made no tax payments or either of these properties since this chapter 11 case was filed on February 7, 1991.

Using the Debtor's figures concerning current real estate taxes payable, a monthly tax is accruing on the Philadelphia property at the rate of $12,561 per month and with respect to the Laconia property at the rate of $4,800 per month. Interest on prepetition taxes is accruing at the rate of $2,145 per month on the Philadelphia property and at the rate of $1,635 with respect to the Laconia property. Based upon these figures, current taxes and interest on prefiling taxes on both properties are accruing at the rate of $21,141 per month.

The Debtor, however, is in the process of contesting these taxes. The Debtor contends that both properties are substantially assessed. I find that there is some reasonable possibility of the Debtor obtaining a substantial abatement with respect to each of these properties. I find that accrual of taxes on the Philadelphia properties at the rate of $8,000 per month and on the Laconia properties at the rate of $3,600 per month is a reasonable estimate concerning

the final tax resolution with respect to these properties. This total of $11,600, when added to the interest on the prepetition taxes of $3,780, comes to $15,300 per month. I find and rule that payment of these sums either directly or in escrow retroactive to February 7, 1991 will provide the Bank with adequate protection. A separate order has issued which orders the Debtor to pay, within fourteen days from the date hereof, the following sums:

(i) to the City of Philadelphia and the Town of Laconia directly, in one lump sum, the total interest on prepetition taxes as set forth above for the period February 7, 1991 to October 7, 1991;

(ii) commencing on November 7, 1991 and on the seventh day of each month thereafter to the City of Philadelphia the sum of $2,145, and to the Town of Laconia the sum of $1,635, representing accruing interest on prepetition taxes;

(iii) to Bruce F. Smith, Attorney for the Debtor, in escrow, within fourteen days from the date hereof, the total taxes accruing from February 7, 1991 to October 7, 1991 at the rate of $15,380 per month or a total of $123,040;

(iv) to Bruce F. Smith, counsel for the Debtor, in escrow, $15,380 per month on the seventh day of each month commencing on November 7, 1991.

Today's separate order also orders the Debtor to file, on or before January 31, 1992, a plan of reorganization, a disclosure statement, and a motion for approval of the disclosure statement.